# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-655-MOC-DCK

| | |
|---|---|
| LATOYA HUSH, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| SCHWAN'S CONSUMER BRANDS, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Remand To State Court Pursuant To 28 U.S.C. § 1446" (Document No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I.  BACKGROUND

Plaintiff initiated this action with the filing of a "Complaint" in the General Court of Justice, Superior Court Division in Mecklenburg County on October 11, 2021. See (Document No. 1-1). Plaintiff alleges that Defendant unlawfully retaliated against her by terminating her for filing a worker's compensation complaint. Id. at pp. 25-28. Plaintiff brings two claims against Defendant: (1) for violation of the North Carolina Retaliatory Employment Discrimination Act; and (2) for wrongful discharge in violation of North Carolina public policy. Id. at pp. 26-27. Defendant removed this case to federal court on December 8, 2021, by filing a "…Notice Of Removal," contending that the Court has diversity jurisdiction over the matter. (Document No. 1, pp. 1-2).

On December 17, 2021, Plaintiff filed the instant "…Motion For Remand To State Court Pursuant To 28 U.S.C. § 1446" (Document No. 5). Defendant filed "Defendant's Response In Opposition To Plaintiff's Motion To Remand" (Document No. 12) on January 10, 2022. Rather than filing a reply brief in support of her Motion for Remand, Plaintiff filed a separate "…Motion For Order To Strike Defendant's Opposition To Plaintiff's Motion [sic] Remand And To Enter Default And Default Judgment" (Document No. 15) on January 18, 2022. That motion, however, appears to also respond at least in part to Defendant's brief in response to Plaintiff's Motion for Remand.[1]

By the instant motion, Plaintiff argues that the case should be remanded to state court in Mecklenburg County because Defendant failed to timely remove the case after the summons and complaint were served. See (Document No. 5). Specifically, she contends that Defendant had thirty days to remove the case once it was served on October 14, 2021 pursuant to 28 U.S.C. § 1446(b). Id. at p. 4. Defendant, on the other hand, argues that the summons and complaint were not actually served until November 8, 2021, and thus, removal on December 8, 2021 was appropriate and within the statutory time limit for removal. (Document No. 12, p. 2).

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Max O. Cogburn, Jr.

## II. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

---

[1] The Court notes that "Plaintiff's Motion For Order To Strike Defendant's Opposition To Plaintiff's Motion Remand And To Enter Default And Default Judgment" (Document No. 15) – styled as, in essence, both a reply brief in support of Plaintiff's motion to remand and *also* as two separate, additional motions, a motion to strike and a motion for default judgment – runs afoul of Local Rule 7.1(c)(2). Moreover, the motion is not referred. The Local Rule states that "[m]otions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading." LCvR 7.1(c)(2). To the extent that Plaintiff makes arguments supporting her motion to remand in reply to Defendant's response, the undersigned finds these arguments to be unhelpful, and the Court will therefore not address this filing.

2

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). According to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This 30-day clock begins to run "when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." Elliott v. Am. States Ins. Co., 883 F.3d 384, 391 (4th Cir. 2018) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)). "The burden of establishing that removal is timely rests with the defendant." Tallant v. Tallant, 5:20-cv-129-KDB-DCK, 2020 WL 6813227, at *3 (W.D.N.C. Oct. 14, 2020).

"An untimely filed notice of removal is a defect in removal procedure." Huber Tech, Inc. v. Gowing Contractors Ltd., 3:18-cv-525-RJC-DCK, 2019 WL 4491532, at *2 (W.D.N.C. Sept. 18, 2019). "[F]ailure to comply with the 30-day limit is grounds for immediately remanding a removed case to state court." Tallant, 2020 WL 6813227, at *3 (quoting PurAyr, LLC v. Phocatox Techs., LLC, 263 F. Supp. 3d 632, 635 (W.D. Va. 2016)).

Thus, determining at what point the statutory time limit for removal begins hinges upon the moment at which proper service of process was achieved. "[F]ormal service under state law is necessary to start the removal clock." Mullins v. Visiture, LLC, 2019 WL 5445299, at *2 (W.D. Va. Oct. 23, 2019); see also Brazell v. Green, 1995 WL 572890, at *1 (4th Cir. Sept. 29, 1995) ("validity of service prior to removal is determined by the law of the state under which service was made").

Relevant to the facts in this case, North Carolina's Rule 4 requires that the summons "be directed to the defendant." N.C. Gen.Stat. § 1A-1, Rule 4(b). Furthermore, service of process can

3

Case 3:21-cv-00655-MOC-DCK    Document 24    Filed 06/27/22    Page 3 of 8

be effected upon a corporation, foreign or domestic, "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served." N.C. Gen.Stat. § 1A-1, Rule 4(j)(6)(c). That agent can be "authorized by appointment…to accept service of process." N.C. Gen.Stat. § 1A-1, Rule 4(j)(6)(b).

### III. DISCUSSION

At a high level, the crux of the dispute between the parties is whether Defendant was considered properly "served" under applicable law on October 14, 2021. If it was, Defendant's Notice of Removal on December 8, 2021 was untimely. If Defendant was not properly served until November 8, 2021, removal was proper and within the statutory time frame for removal and Plaintiff's motion to remand should be denied.

Plaintiff contends that Defendant's removal of this action was untimely because it was not completed within the 30-day time frame following service of the summons and complaint mandated by statute. (Document No. 5, p. 4). Indeed, Plaintiff states that "the original completed service of process was signed for on October 14, 2021," and therefore, removal was "untimely and [the case] must be remanded." Id. Defendant, by contrast, argues that "Plaintiff incorrectly claims service was accomplished twice on Defendant on October 14, 2021, and on November 8, 2021." (Document No. 12, p. 1). According to Defendant, the October 14, 2021 mailing was addressed to "Republic Services of NC," and "the summons also contained references" to that company. Id. at p. 4. Apparently, both Republic Services of NC and Defendant share the same registered agent, CT Corporation System. Id. Thus, although CT Corporation System received the October 14, 2021 summons and complaint, since it was addressed to Republic Services of NC, "CT

4

Corporation did not provide [anything] to Defendant." Id. Rather, Defendant states that the October mailing was sent to Republic Services of North Carolina, LLC. Id.

Defendant contends that its "first notice of any lawsuit was on November 8, 2021, when CT Corporation System, Defendant's registered agent, received a copy of the summons and complaint directed to Defendant in this matter and provided the documents to Defendant." Id. at p. 3. Only at that point – on November 8, 2021 – did "the clock start[] for the notice of removal," Defendant argues. Id. "[W]ithin 30 days of receiving notice of this lawsuit," Defendant filed the Notice of Removal on December 8, 2021, and thus it argues that Plaintiff's motion to remand should be denied. Id. at pp. 6-7.

The undersigned finds that proper service under North Carolina law was not even closely approximated until November 8, 2021.[2] Thus, for the reasons explained below, the undersigned will respectfully recommend that Plaintiff's motion to remand should be denied, as Defendant's removal on December 8, 2021 was timely.

The summons that Plaintiff contends was served on October 14, 2021 contains reference to "Republic Services of N.C.," just below "C.T. Corporation System" in the section addressed "To Each Of The Defendant(s) Named below." (Document No. 13-1, p. 6). Schwan's Consumer Brands, Inc. does appear in the caption of the summons as Defendant, but just that one time. Id. Republic Services of N.C. is listed again alongside C.T. Corporation System on the envelope. Id. at p. 5. Furthermore, "CT Corporation System provided the [October 14, 2021] mailing and its contents to Republic Services of North Carolina, LLC, not to Defendant." (Document No. 12, p. 4). Thus, Defendant did not have notice of a summons or complaint against it in this action until

---

[2] Defendant makes an argument that service was not even formally accomplished on November 8, 2021 because of some alleged deficiencies with the summons that it received. See (Document No. 12, p. 5). The Court will respectfully decline to address this argument, given that Defendant removed anyways on December 8, 2021 within the statutory time frame for removal following receipt of the summons and complaint on November 8, 2021.

5

Case 3:21-cv-00655-MOC-DCK   Document 24   Filed 06/27/22   Page 5 of 8

CT Corporation System actually sent the documents to Defendant on November 8, 2021. Id. at pp. 2-3.

Given that the October 14, 2021 summons references "Republic Services of N.C." on both the envelope and on the summons itself in a section labeled "Defendant(s)," the undersigned finds that the "summons was not properly directed to the defendant" in accordance with Rule 4(b). See N.C. Gen.Stat. § 1A-1, Rule 4(b); (Document No. 13-1, pp. 5-6). Furthermore, because the summons was not properly directed to Defendant, CT Corporation System—the registered agent for both Republic Services of North Carolina, LLC and for Schwan's Consumer Brands, Inc.—never passed the summons and complaint along to Defendant, instead passing the documents to Republic Services of North Carolina, LLC. (Document No. 12, pp. 3-5). Thus, "Defendant did not receive actual notice of this lawsuit until November 8, 2021," when CT Corporation System passed the new summons and complaint to Defendant. Id. at p. 5.

Service of process, then, did not occur until November 8, 2021. The Court cannot relax the rules regarding service of process even in cases in which the Plaintiff appears *pro se*. Blakeney v. Goulston Techs., 3:19-cv-688-GCM, 2020 WL 5821979, at *1 (W.D.N.C. Sept. 30, 2020) ("the Court is not entitled to ignore the plain requirements of the rules regarding effective service of process simply because…a plaintiff is proceeding *pro se*"). Defendant's lack of actual notice of the summons and complaint prior to November 8, 2021 also informs the recommendation that the 30-day clock for removal did not begin to run until that date. See Smith v. Lanier, 2022 WL 903140, at *3 (M.D.N.C. Mar. 28, 2022) (quoting Grimsley v. Nelson, 467 S.E.2d 92, 94 (N.C. 1996)) ("North Carolina courts have long recognized that the rules governing service of process are to be 'strictly enforced to [e]nsure that a defendant will receive actual notice of a claim against him.'"); and Elliott, 883 F.3d at 391 ("the time for counting the days for filing notice of removal

under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear"). Defendant has thus satisfied its burden to show that removal was timely.  See Tallant, 2020 WL 6813227, at *3.  The undersigned thus respectfully recommends that Plaintiff's motion to remand on the basis that removal was untimely be denied.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiff's Motion For Remand To State Court Pursuant To 28 U.S.C. § 1446"  (Document No. 5) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: June 24, 2022

*[signature]*

David C. Keesler
United States Magistrate Judge